Filed 9/11/25  P. v. Brewer CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101337 |
| Plaintiff and Respondent, | (Super. Ct. No. 97F00253) |
| v. | |
| RICHARD BREWER, | |
| Defendant and Appellant. | |

Defendant Richard Brewer appeals the trial court's dismissal of his motion for an evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261.  After setting a hearing and without notice to the parties, the trial court summarily dismissed the motion based on our Supreme Court's intervening decision in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin II*).  We vacate the trial court's order and remand with directions to allow Brewer the opportunity to present his arguments for why he believes he is eligible for a *Franklin* hearing post-*Hardin II*.

1

BACKGROUND

In 2001, a jury convicted Brewer of, among other things, first degree murder (Pen. Code, § 187, subd. (a)) and found true the special circumstance that he committed the murder while he was engaged in attempted robbery (§ 190.2, subd. (a)(17)(A)).[1] It also found true the allegation that he personally used a firearm (§ 12022.5, subd. (a)). He was sentenced to life in prison without the possibility of parole (LWOP) plus a consecutive 25 years. (*People v. Brewer* (Feb. 8, 2005, C040014) [nonpub. opn.].)

In 2022, Brewer filed a petition for a *Franklin* hearing to preserve mitigating evidence related to his youth at the time of the offense. Brewer's petition alleged that he was 24 years old when he was arrested for the underlying offense and that he was entitled to a *Franklin* hearing because section 3051's exclusion of youthful LWOP offenders from parole eligibility violated equal protection principles as the Court of Appeal had held in *People v. Hardin* (2022) 84 Cal.App.5th 273 (*Hardin I*), reversed by *Hardin II*, *supra*, 15 Cal.5th at page 834.

In May 2023, the trial court found that Brewer's petition satisfied the pleading requirements set forth in *In re Cook* (2019) 7 Cal.5th 439 and appointed counsel for him. After several unopposed continuances for the purpose of allowing defense counsel to collect evidence for the *Franklin* hearing, a case management conference was set for August 2024. In March 2024, our Supreme Court reversed the *Hardin I* decision, concluding that the inmate in that case had not shown that section 3051's exclusion of young adult LWOP offenders violated equal protection, "either on its face or as applied to [those] serving [LWOP] sentences for special circumstance murder." (*Hardin II*, *supra*, 15 Cal.5th at p. 839.) The Supreme Court in *Hardin II* specified, however, that it was not "foreclosing the possibility of other as-applied challenges to the statute,"

---

[1] Undesignated statutory references are to the Penal Code.

including those "based on a more robust record or a more focused as-applied inquiry." (*Id.* at pp. 839, 862.)

In May 2024, without a hearing or prior notice to Brewer, the trial court issued an order stating: "On March 4, 2024, the California Supreme Court reversed *Hardin* [*I*] . . . . The Supreme Court found no equal protection violation in the treatment of youthful offenders sentenced to LWOP after reaching the age of 18. The Court found that the defendant in *Hardin* was not eligible for a *Franklin* hearing. Following the ruling in *Hardin* [*II*], this Court no longer has the authority to hold a *Franklin* hearing for a youthful offender sentenced [to LWOP]. [¶] The court hereby vacates the previous order granting a *Franklin* hearing and dismisses the motion."

Brewer timely appealed.

DISCUSSION

On appeal, Brewer contends that, as applied to him, section 3051's exclusion of young adult offenders sentenced to LWOP for murder in the commission of a robbery under section 190.2, subdivision (a)(17)(A) violates equal protection principles. He argues that under the reasoning of the recent Court of Appeal decision in *People v. Briscoe* (2024) 105 Cal.App.5th 479, the logic of *Hardin II* does not apply to the particular circumstances of his case; and he cites a number of cases involving what he contends are similar crimes and argues that it violates equal protection for offenders he views as equally culpable to be eligible for parole while he is not.

As an initial matter, we reject the People's argument that Brewer forfeited his present contentions by asserting only a facial challenge before the trial court. We find no forfeiture, given that Brewer had neither reason nor opportunity to argue to the trial court the ways in which he believed his challenge might survive *Hardin II*, because a hearing was already set when that decision issued and he was given no notice before his motion was summarily dismissed.

3

We also conclude that the trial court erred in summarily vacating the hearing and dismissing Brewer's motion.  In *Hardin II*, the Supreme Court expressly did not "resolve . . . the constitutionality of section 3051, subdivision (h) as it might arise in other as-applied challenges based on particular special circumstances or the factual circumstances of individual cases."  (*Hardin II*, *supra*, 15 Cal.5th at p. 864.)  Brewer therefore should have been afforded the opportunity to present to the trial court his as-applied challenges and any other arguments he believed would establish his eligibility for an evidence preservation hearing post-*Hardin II*.  We shall remand the matter for that purpose.

## DISPOSITION

The trial court's May 2024 order dismissing Brewer's request for a *Franklin*/*Cook* proceeding is vacated.  The matter is remanded for further proceedings consistent with this opinion.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
MESIWALA, J.

4